Chief Justice Robertson,
delivered the opinion of the court.
This writ of error is prosecuted to reverse a decree in favor of the defendant, and against the plaintiff in error.
The bill alleges that George Wyatt, an infant, having agreed to serve the defendant for one year, as an apprentice to the tailoring business, the plaintiff undertook, by his covenant in writing, that said George should serve faithfully; that afterwards, John Wyat, the father of George, also executed his separate covenant to the same effect, and for the same purpose; that George Wyat, in violation of his agreement, left the defendant without his consent before the expiration of the year, whereby he had sustained great inconvenience and damage; that both covenants had been lost, and that both Linconfelter and John Wyat had refused to indemnify the defendant; and therefore *340 relief was asked against both of them. The defers-dant dismissed the biil as to John Wyat before he had it; and on the 8th of Nov. 1828, obtained a decree pro confesso against the plaintiff, for $>74, the damages assessed by a jury.
A and B exa-cutesepemte cTor'the^aUh fill service of D as an ap-taUorin^basT ness forgone " year,D fails to serve out his byr accident’ loses both of the covenants insuchvcase sort to chan-ceryto recov- and B To contribute or pay equal the damages which C has the^defiílca^ tion of D, ai-tho. their cov-enacts were irfsuch case, ’ fo/Velief^Ap andl aré both necessary parties.
This decree cannot be sustained.
' 1st. Although there was no legal priority between the two covenantors, and although their covenants were separate and distinct, nevertheless, their undertaking was for the same thing and to the same person and for the same consideration; as their obligations are so ^ar identical, equity would require each to contribute. Having lost both covenants, the defendant was bound to resort to chancery against either or both of the covenantors. His remedy was exclusively equit-M>le. When he asked the chancellor for relief, it should have been granted on equitable, principles only, and it is but equitable, that (as both Linconfel- ^ an(j j0lm Wyat were equally bound for the same thing ana to the same extent, and as their covenants had been lost, so that no legal remedy could reach e'fber of them,) the burthen should be imposed equally on both of them, by a joint decree, if both be liable, and can be made parties.
To prevent a multiplicity of suits, and insure equal and complete justice at once, John Wyat, as well as Linconfelter, ought to have been before the court, so that such a decree as equity would approve and as would close the whole controversy, might haye been rendered. Huchcraft, et. al. vs. Shroot’s heirs, et. al. (I. Mon. 208.) See also Milford’s pleading 127-147.
^ecree was PremfAure. No affidavit of the loss of the covenants was filed or made until the day on which the final decree was rendered. As the bill sought relief the jurisdiction could not be translated to a court of chancery without an affidavit or proof of the loss of the covenant. For the want of such an affidavit, a demurrer might have been sustained to the bill, according to the doctrine of the English chancery; whether the samé doctrine should he now applicable here, we need not decide. By not answering, the. plaintiff did not admit the alleged loss of the covenant; that fact was not charged to have been, and could not be presumed to have been, with *341 in his knowledge. He did not, therefore, admit the jurisdiction-of the court, and was not bound to answer the bill until after the affidavit had been filed, which time the court had no jurisdiction. It was, of course, improper to take the bill for confessed, and render a final decree on the day when the cause was first regularly in court.
-Dissent*
Monroe, for plain tiff.
Decree reversed, and cause remanded for such pro-' ceedings as shall be proper, consistently with this opinion.